

**FILED**

JAN 27 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
               DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Mitchell Dixon #4549387
(Name of Plaintiff)

Sac County Jail
(Address of Plaintiff)
651 "I" St Sac, CA 95814

vs.

D.A. Office / Judges

Bench

(Names of Defendants)

No. 15F06513
(Case Number)

2:16-CV-168 —— AC PC

COMPLAINT Petition
Stipulations of
Counsel - Stipulation
in the Superior Court
of California; Felony
complaint Propaganda

I. Previous Lawsuits:

    A. Have you brought any other lawsuits while a prisoner:   ☐ Yes   ☒ No

    B. If your answer to A is yes, how many?: __N/A__   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

        1. Parties to this previous lawsuit:

        Plaintiff __N/A__

        Defendants __N/A__

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983            Rev'd 5/99

2. Court (if Federal Court, give name of District; if State Court, give name of County)

N/A

3. Docket Number  N/A

4. Name of judge to whom case was assigned  N/A

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
N/A

6. Approximate date of filing lawsuit  N/A

7. Approximate date of disposition  N/A

II. Exhaustion of Administrative Remedies

A. Is there a grievance procedure available at your institution?   ☑ Yes   ☐ No

B. Have you filed a grievance concerning the facts relating to this complaint?
☐ Yes   ☑ No
If your answer is no, explain why not  THE REASON WHY I DON'T USE THE GRIEVENCE PROCEDURE IS BECAUSE I WAS A CLERK.

C. Is the grievance process completed?   ☐ Yes   ☑ No

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A. Defendant  ANNE MARIE SCHUBERT  is employed as  DISTRICT ATTORNEY  at  COUNTY OF SACRAMENTO

B. Additional defendants  JUDGES BENCH THE HALL of JUSTICE —

2

IV.  Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

ON OR about October 16, 2015, at and in the County of Sacramento, State of California, the defendant, Mitchell Dixon, did commit a felony, namely: A violation of Section 30305 (a)(1) of the Penal Code of the State of California, in that said defendant did willfully and unlawfully own, possess and have under his control ammunition and reloaded ammunition, to wit, 20 rounds of .22 caliber ammunition.

V.  Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

I am asking the Superior Court of Sacramento for the relief of 6,000,000 when I think of relief I think of something that is of good use to me I think of what is of good use conserning my family due to my current situation what I know is of good use and what I know has happened to my well being.

Signed this __1__ day of __19 TH__, 20__16__.

_____Mitchell Dixon Jr_____
(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

1/19/2016                           _____Mitchell Dixon Jr_____
(Date)                                        (Signature of Plaintiff)

3

2003 Amendment (ch 230): (1) substituted "memorandums" for "memoranda" in subd (a); (2) substituted "database" for "data base" in subd (m); (3) added "or Part 6.4 (commencing with Section 12699.50)" in subd (y)(1); (4) added "or Part 6.4 [Attorney at Law] (commencing with Section 12699.50)" in subd (y)(2)(A); (5) added "or Part 6.4 (commencing with Section 12699.50)" in subd (y)(2)(B); and (6) added subd (y)(5).

Superior Court of California
County of Sacramento
No. 15F06513  Felony Complaint
The People of the State of California, vs Mitchell Dixon————, Defendant
Prior Conviction (Case VCR 181572) Propaganda

I.

It is further alleged that the said defendant, MITCHELL DIXON, was on October 27, 2006, in the Superior Court of the State of California, for the County of Solano, convicted of the crime of felon in possession of firearm in violation of Section 12021(a)(1) of the Penal Code, and that he then served a separate term in state prison for the said offense, and that he did not remain free of prison custody for, or did commit an offense resulting in a felony conviction during a period of five years subsequent to the conclusion of said

PAGE 1 OF 10

1. TERM, WITHIN THE MEANING OF PENAL CODE SECTION
2. 667.5(b). ARREST REPORT NUMBER 15-007589 ARRESTING
3. AGENCY: EGPT CHARGE 30305(a)(1) PENAL CODE
4. (FELON)(FELONY) POSSESSION OF AMMUNITION BY A
5. CONVICTED FELON — ARRESTING OFFICER NAME J. PARKER
6. ARREST REPORT NUMBER 15-007589 (AS ADDED BY CHAPTER 337
7. OF THE STATUTES OF 2006) WHERE IN THE LAW DUE
8. IT SAY THAT A (FELON)(FELONY) — IS TO BE
9. SET APART FROM THE COMMUNITY AND OR IS NOT
10. ABLE TO CONDUCT IS OR MAKE IT BE KNOWN
11. THAT HE IS NOT THE SAME PERSON THAT WAS
12. ARRESTED FOR SAID (FELON)(FELONY) THIS IS BLUNT
13. DISCRIMINATION. THIS TYPE OF DISCRIMINATION CAN
14. ALWAYS MAKE A UNPRODUCTIVE COMMUNITY WHEN
15. IT IS SAID THAT THIS PERSON WHICH ALSO MEANS
16. PARTY ISN'T ABLE TO MAKE IT KNOWN IN THE
17. COMMUNITY THAT NOT ONLY IS HE A CHANGED
18. (FELON)(FELONY) HE IS ALSO SHOWING IT BY
19. PRODUCTIVE CONDUCT WITH DUE PROCESS THIS WAS
20. ALSO ABLE THROW CONTINUED DEHUMANIZATION —
21. DISCRIMINATION, BYE THE MEANS TOO GAIN A FASLE
22. SENCE OF CONTROL — WHICH IS ALSO KNOWN AS
23. BEING FUNNY WITH THERE OVERLY GAIN POWER —
24. OF A FASLE REALITY OF HOPE; THAT WILL—NOT BE
25. (CONGROW-ENT) TO THE COMMUNITY — A SAID
26. FASLEHOOD; STATUTES AT LARGE JUNE 11, 1946, Ch 324, Sec.
27. 3, 60 Stat. 238 — [Govt C §6254] 9/28/2015 — NOTE
28. Stats 1986 Ch 185 PROVIDES:

PAGE 2 OF 10

PAULINO G. DURÁN
Public Defender

KAREN M. FLYNN
Chief Assistant
Public Defender

STEVEN W. LEWIS
Chief Assistant
Public Defender

Historical Derivation: Former Gov C § [6254], as added Stats 1968 ch 1473 §39, amended Stats 1970 ch 1231 § 11.5, Ch 1295 § 1.5, Stats 1975 ch 1231 §1, Ch 1246 §3, Stats 1976 ch 314 §1, Stats 1977 ch 650 §1, Stats 1978 ch 1217 §3, Ch 1217 §4, Stats 1980 Ch519 §1, Stats 1981 ch 765 §1, Ch 684 §1.
Section 1. (a)(B)(C)(D)(e)(f)(G)(H)(I)(J)(K)(l)(m)(n)
WHEN THERE IS a start with ONE faslehood THERE WILL BE FOR a CONGREWENT faslehood KNOWING THAT MANY-TONS WILL-MOSTLIKLY follow THEN THE ORDER OF HUMANITY IS at SAKE — THE PLANET

PAGE 3 OF 10

1. is at THE cost of a fasleHood - also KNOWN
2. as a HOODWINK THat not can oNLy DEstruct
3. THE Planet it slows all REPRoducing/TONS of
4. DESTRUtive FasleHood - RELyiNG ON a fasle
5. HoPE of making someone elses - Fasle Liveli-
6. Hood: Something that almost wont HaPPEN iN
7. a million Generation: THE HOODWINK is beiNG
8. bluntly SHowN too tHE Generations that
9. can to make it a CoNGREwent Planet:
10. NO. 15F06513
11. FELONY compLAiNt
12. SUPERIOR COURt of
13. caLiforNia CouNty
14. of sacRameNto
15. ATTORNEY At LAW
16. PetitioNER
17. THE People of tHE state of
18. caLiforNia
19. VS.
20. MitcheLL DixoN
21. DEFENdaNt
22. 2013 AmendmENt (ch 352) THERE is over 46
23. AmendmeNts JaNuaRy, FEBuaRy, maRCH, are a
24. Time iN tHE yeaR tHat THiNGs should BE
25. addressed wHEN THESE amendments areN't
26. addressed it also wHEN THE NExt yeaR
27. is oPEN aRival THESE same iSSUE will be
28. PREsent, THat are curreNtly Present withiN

PAGE 4 OF 10

1. a DUE (PROCUSS) — CROSS REFERENCE — WITNESS
2. TO THE abilitiE too BEGIN tHE INCONGREW-
3. ENT with REaLity; THAT THE HoPE fOR CHaNGE
4. iSN't tHE Sa,TJ THiNG THat NEETJS to BEGiN
5. too bEGiN bEiNG aDDRESSED it's tHE faoLE -
6. HooTJ THat is aLwayS PRESENt a foxLE
7. REaLity OF HoPE — iN tHE PENaL code of
8. abiLitiE to KNOW RiGHt fRom WRONG — CROSS
9. REFERENCE: WITNESS — AT STATE EXPENSE
10. provide: (1) CaLifoRNia PRactice ɛ PROcedURE
11. (2) FEDERaL RULES of CiviL PROCEDURE, 2014
12. (3) CaLifoRNia PRiSONERS Handbook
13. (4) THE HabEaS CitEDOOK
14. (5) PRiSONERS SELF-HELP Litigation maNUaL 4TH
15. EdiTiON
16. (6) BLacK'S Law TJictioNaRy
17. THE DUE PROCESS MEaSURES SHaLL BEGiN too
18. TaKE PLace fOR THESE too(BE)PaiD at tHE EXPENSE
19. of tHE STate: COMMENTS — ATTORNEY at Law
20. PROPaGaNDa — iS SomETHiNG THat caN aLWayS
21. comE a HazmaT too HumaNity But tHE
22. EXPENSE OF a PERSONS EDJcation is aND
23. SHouLd BE tHE miNDfUL THiNG THat aLL
24. COURtS SHaLL TaKE iNto coNSiDERaTioN
25. DUE to tHE SaKE of tHE PLaNET:
26. "PERSON" MEaNS PaRty "COURt" MEaNS SUPERioR
27. COURT of CaLifoRNia.
28.

1. ATTORNEY AT LAW - IN THE EVENT THAT all
2. THINGS DON'T WORK AS PLANED THERE HAS TOO
3. STILL BE SOME MEASURING FACTORS THAT
4. ALWAYS ARE ABLE TO BE ADDRESS AT A
5. LATER TIME ALWAYS STAY MINDFUL THAT THE
6. ABILITY TO BRING THIS TO A COURT
7. ATTENTION IS ALWAYS SOMING THAT IS
8. MADE POSSIBLE WHICH CAN ALSO MEAN
9. GRANTED. A ATTORNEY AT LAW SHOULD
10. ALWAY STAY MINDFUL UPON DUE PROCESS
11. THAT THINGS ARE BEING GRANTED THAT THERE
12. ARE ALWAYS OTHER FACTORS THAT CAN BE
13. VEIWED THROW THE 'COURT' WHICH ALSO
14. MEAN SUPERIOR COURT OF CALIFORNIA
15. THAT CAN ALSO BE ADDRESSED IN A TIMELY
16. FASIOH ALSO KEEP BEING MINDFUL THAT
17. PROPAGANDAS CAN ALWAYS MAKE THERE
18. WAY INTO SOMETHING THAT HAS THE ABILITIE
19. TOO HAVE FULL CONTROL OF THE SITUATION.
20.    SUPERIOR COURT OF
21.    CALIFORNIA COUNTY OF
22.    SACRAMENTO NO. 15F06513
23.    FELONY COMPLAINT THE
24.    PEOPLE OF THE STATE OF
25.    CALIFORNIA, VS MITCHELL
26.    DIXON ———, DEFENDANT
27. PRIOR CONVICTION (CASE VCR 181572) PROPAGANDA
28. CHAPTER 3. TIMING RULE 2.20. APPLICATION FOR AN ORDER

PAGE 6 OF 10

1. Extending time (a) Application — to whom made
2. An application for an order extending the time
3. which any act is required by law to be done
4. must be heard and determined by the Judge
5. before whom the matter is pending; provided,
6. however, that in case of the inability, death,
7. or absence of such judge, the application may
8. be heard and determined by another judge
9. of the same court. (Subd (a) amended effective
10. January 1, 2007.)
11.
12. (d) Award of expenses In addition to the sanctions
13. awardable under (b), the court may order the
14. person who has violated an applicable rule
15. to pay to the party aggrieved by the violation
16. that party's reasonable expenses, including reasonable
17. attorney's fees and costs, incurred in connection with
18. the motion for sanctions or the order to show cause.
19. (Subd (d) amended effective January 1, 2007; adopted
20. effective July 1, 2001; previously amended effective
21. January 1, 2004.)
22. Attorney at Law: Comments —         Superior Court of
23.                                     California County
24.                                     of Sacramento
25.                                     No. 15F06513 Felony
26.                                     Complaint the
27.                                     State of California,
28.                                     vs Mitchell Dixon

DEFENDANT PRIOR CONVICTION (CASE VCR 181572)

1.

ALL THE MEASURES WHERE THE SAID DEFENDANT HAD A PRIOR WERE TAKEN THIS PRIOR DUE NOT APPEAR TO BE A PRIOR IT APPEARS TO BE A ABSTRACT OF JUSTICE WHERE IT IS A LAW THAT IS PRESENT THAT A COMMUNITEREAN ISN'T ALLOWED TO HAVE A ABSTRACT OF JUSTICE:

          PAULINO G.
          DURAN PUBLIC
          DEFENDER
          KAREN M. FLYNN
          CHIEF ASSISTANT
          PUBLIC DEFENDER
          STEVEN W. LEWIS
          CHIEF ASSISTANT
          PUBLIC DEFENDER

(e) ORDER AN ORDER IMPOSING SANCTIONS MUST BE IN WRITING AND MUST RECITE IN DETAIL THE CONDUCT OR CIRCUMSTANCES JUSTIFYING THE ORDER. (subd (e) amended effective January 1, 2004; adopted effective July 1, 2001.)

ANNOTATIONS: FAILURE OF PARTY OR HIS ATTORNEY TO APPEAR AT PRETRIAL CONFERENCE. 55 ALR 3d 303. § 30305. GRANTED INCONCLUSIVE; WHICH MEANS ATTORNEY AT LAW IS ALWAYS MINDFUL DOEN'T, AS IN DON'T MAKE IT TO BE THE SAID DEFENDANT; ABSTRACT OF JUSTICE: ABSTRACT 1-28 MAKE NOTE.

1. I am asking for 6,000,000 — Due
2. Too Dehumanization, Decrimination, faslehood,
3. Hoodwink, Livlyhood — all these things
4. Bluntly done in the name of Justice.

Paper/Exibit/Documents

1.
2.
3.
4.                                          Superior Court of
5.                                          California County of
6.                                          Sacramento - No. 15F06513
7.                                          Felony Complaint
8.                                          The People of the
9.                                          State of California,
10.                                       vs. Mitchell Dixon
11.                                       (09908667-01),
12.                                       Defendant.
13.               Prior Conviction (Case VCR 181572)
14.                          1.
15. It is further alleged that the said defendant, Mitchell
16. Dixon, was on October 27, 2006, in the Superior Court
17. of the State of California, for the County of Solano,
18. convicted of the crime of Felon in Possession of
19. firearm in violation of Section 12021(a)(1) of the Penal
20. Code, and that he then served a separate term in
21. State prison for the said offense, and that he did
22. not remain free of prison custody for, or did commit
23. an offense resulting in a felony conviction during
24. a period of five years subsequent to the conclusion
25. of said term, within the meaning of Penal Code
26. Section 667.5(b).
27.

PAPER/EXIBIT/DOCUMENTS

1 § 30305. PERSONS PROHIBITED FROM OWNING OR POSSESSING
2 FIREARM PROHIBITED FROM OWNING POSSESSING, OR CONTROLLING
3 AMMUNITION
4
5 (a) (1) NO PERSON PROHIBITED FROM OWNING OR POSSESSING
6 A FIREARM UNDER CHAPTER 2 (COMMENCING WITH SECTION
7 29800) OR CHAPTER 3 (COMMENCING WITH SECTION 29900) OF
8 DIVISION 9 OF THIS TITLE, OR SECTION 8100 OR 8103 OF THE
9 WELFARE AND INSTITUTIONS CODE, SHALL OWN, POSSESS, OR HAVE
10 UNDER CUSTODY OR CONTROL, ANY AMMUNITION OR RELOADED
11 AMMUNITION.
12 NOW THESE ARE SAID TOO BE OFFENSES THE
13 PROBLEM IS THESE OFFENSES SOMETHING THAT THE
14 DEFENDANT VIOLATED I TAKE IT THAT THE DEFENDANT
15 IS A LAW ORDERLY COMMUNITY FOLLOWING "PERSON"
16 WHICH ALSO MEANS PARTY IN THE SUPERIOR COURT
17 NOW AS A ATTORNEY AT LAW IS STAYING MINDFUL
18 WHAT ARE THE CONTROLLING MATTERS OF THIS CASE
19 ANY OR OFFENSE WHERE THE DEFENDANT HAD DOMINION
20 ORDER AND CONTROL OR THIS SITUATION; I TAKE IT
21 AS THE DEFENDANT WAS POWERLESS OVER THE
22 SITUATION FROM THE TIME THE SITUATION BEGAN TO
23 BECOME A MATTER WHERE THE DEFENDANT OFTHEN
24 TIMES HAS CONTROL OR DOMINION; NOW WHERE THERE
25 IS A POWERLESS SITUATION HERE IS A DEFENDANT
26 THAT CAN BE INCARCERATED FOR A CRIME THE
27

Paper/Exibit/Documents

1 Defendant did not commit; where the Defendant
2 is ofthen in control that and then saying which
3 is a propaganda for someone to just be saying
4 in the court of law is a propaganda. Now were
5 there Dominion in this said offense then there
6 may have been something that may have
7 made the Defendant again incarcerated for
8 a crime he did not commit.
9
10 Summary
11
12 California Official Reports Summary
13 A jury found defendant guilty of various crimes,
14 including battery, witness intimidation, unlawful
15 possession of a firearm following a felony conviction
16 (Pen. Code, former § 12021, subd. (c)(1), recodified at Pen. Code,
17 § 29800) and unlawful possession of ammunition (Pen. Code, former
18 § 12316, subd. (b)(1), recodified at Pen. Code § 30305). (Superior
19 Court of Riverside County, No. RIF149998, Gary B. Tranbarger,
20 Judge.) The Court of Appeal reversed the judgement
21 as to the counts for unlawful possession of a firearm
22 and ammunition and otherwise affirmed the judgment.
23 Due process required a sua sponte instruction that
24 the jury agree unanimously on which of two instances
25 of possession they were using to find Defendant
26
27

PAPER/EXIBIT/DOCUMENT
1. Guilty of unlawful possession of a firearm and ammunition,
2. an incident in which defendant allegedly fired a
3. firearm at the victim's home or an incident later that
4. evening when a loaded firearm was found concealed
5. under the hood of a vehicle allegedly driven by
6. defendant. The prosecutor never elected which possession
7. was the charged offense but introduced evidense
8. supporting both instances and referred to both in
9. closing. Without a unanimity instruction, the jury could
10. have amalgamated the facts to conclude that defendant
11. had possession of a firearm that night, while
12. disagreeing on which instance constituted the charged
13. offense. The continuous course of conduct exception
14. was inapplicable because the record revealed the
15. possibility of two distinct possessions separated by
16. time and space, and defendant tendered two different
17. defenses, as to the first incident that he did not
18. have a gun, and as to the second that the people
19. failed to establish his dominion and control. The error
20. was not harmless. (Opinion by King, Acting P.J., with
21. Miller and Codrington, JJ., concurring.) {217 Cal.App.4TH 560}
22. The said offense of the defendant is a propaganda
23. and always will be a propaganda when this is the
24. matter there will and always be a problem in the
25. "court" which also means superior court where
26.
27.

PAPER/EXIBIT/DOCUMENT

1  THIS IS SAID TO BE A MATTER OR A SAID PROBLEM
2  WHERE IN THE LAW CAN THIS BE ADJUDICATED WITHIN
3  DOE PROCESS; NOW WHEN A ATTORNEY AT LAW IS
4  MINDFUL AND CONTINUES TO STAY MINDFUL HE HAS
5  THE ABILITIE TO MAKE IT KNOWN THAT WHAT IS
6  HAPPENNING IS THE MINDFULNESS IS BEGINNING TO
7  MAKE CERTAIN CHANGES IN THE COURT WHICH ALSO
8  MEANS SUPERIOR COURT HOWEVER THESE CHANGES THAT
9  CAN BE HAPPENNING IN THE COURT WHICH ALSO
10 MEANS SUPERIOR COURT CAN ONLY BE A COURES
11 OF ACTION FOR THE DEFENDANT TO BECOME SOMETHING
12 OF THE ONES OF THE NOBLE WHICH CAN ALWAYS
13 BE A SAID PROBLEM OR A SITUATION. HOWEVER WHERE
14 THERE IS NO CONTROL OR DOMINION; THAT SHOULD BYE ALL
15 MEANS LET you KNOW THAT THE DEFENDANT DID NOT
16 COMMIT A CRIME;
17 G. DEFENDANT'S CLOSING ARGUMENTS
18
19 IN his CLOSING ARGUMENT, DEFENSE COUNSEL STRESSED
20 TWO DEFENSES TO COUNTS 5 and 6. FIRST, HE ARGUED
21 DEFENDANT DID NOT HAVE A GUN WHEN HE WAS OUTSIDE
22 OF DOE'S HOME; SECOND, HE ARGUED THERE WAS NO
23 EVIDENCE THAT THE CAMRY WAS HIS AND, THEREFORE, HE
24 DID NOT HAVE THE REQUISITE DOMINION AND CONTROL OVER
25 THE FIREARM.
26
27

PAPER/EXIBIT/DOCUMENTS

1            PRIOR CONVICTION (CASE VCR 181572)
2                1.
3 It is further alleged that the said defendant,
4 Mitchell Dixon, was on October 27, 2006, in the
5 Superior Court of the State of California, for the
6 County of Solano, Propaganda
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27