UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL DIXON, | No. 2:16-cv-0168 TLN AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ANNE MARIE SCHUBERT, et al., | |
| Defendants. | |

Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, and request for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1] When plaintiff filed his complaint on January 27, 2016, he was detained at the Sacramento County Jail. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, this court recommends that this action be dismissed without leave to amend.

Under the Prison Litigation Reform Act (PLRA), this court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint

---

[1] Plaintiff's in forma pauperis application, ECF No. 2, is incomplete, even with the addition of his subsequently-filed trust account statement, ECF No. 8. Because the court recommends dismissal of this action without leave to amend, it does not address the inadequacy of plaintiff's in forma pauperis application.

1

1 or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that
2 fail to state a claim upon which relief may be granted, or that seek monetary relief from a
3 defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally
4 frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S.
5 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). A pro se litigant
6 is entitled to notice of the deficiencies in his complaint and an opportunity to amend, unless the
7 complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446,
8 1448 (9th Cir. 1987).

9     The instant complaint, entitled "Petition Stipulations of Counsel – Stipulation in the
10 Superior Court of California; Felony Complaint Propaganda," is filed against defendants "D.A.
11 Office/Judges Bench," ECF No. 1 at 1, and, more specifically, Sacramento County District
12 Attorney Anne Marie Schubert, id. at 2. The complaint appears to challenge a state criminal
13 proceeding against plaintiff for illegal possession of assault weapon ammunition; it also appears
14 that plaintiff is a convicted felon. This court's review of the public case access website operated
15 by the Sacramento County Superior Court appears to confirm this construction.[2] Plaintiff seeks
16 $6,000,000 in damages. Typical are the following incoherent allegations, ECF No. 1 at 6-7 (sic):

> When there is a start with one faslehood there will be for a congrewent faslehood knowing that many – tons will – most likely follow then the order of humanity is at sake – the planet is at the cost of a faslehood -- also known as a hood wink that not can only destruct the planet it slows all reproducing/tons of destructive faslehood . . .

21 Because these and plaintiff's other allegations appear to lack any basis in law or fact, this court
22 finds that plaintiff's allegations are legally frivolous. See Neitzke, supra, 490 U.S. at 325;
23 Franklin, 745 F.2d at 1227-28.

24     Moreover, district attorneys, including Sacramento County District Attorney Anne Marie

---

[2] See https://services.saccourt.ca.gov/PublicCaseAccess/Criminal/CaseDetails (re. defendant Mitchell Dixon). This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

Schubert, are absolutely immune from civil suits for damages under Section 1983 which challenge activities related to the investigation, initiation and presentation of criminal prosecutions.  See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976).  Similarly, judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under Section 1983.  See Pierson v. Ray, 386 U.S. 547 (1967); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).  Thus, plaintiff cannot pursue claims against judicial and prosecutorial defendants.

Because the PLRA requires dismissal of a complaint that is frivolous, see 28 U.S.C. § 1915A(1), or seeks monetary relief from defendants who are immune from such relief, see 28 U.S.C. § 1915A(2), this action must be dismissed.  Moreover, this court finds that amendment of the complaint would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. This action be dismissed without leave to amend; and

2. Plaintiff's motion to proceed in forma pauperis, ECF No. 2, be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 29, 2016

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE